IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04cr271

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| TRACY HOWARD ) | |
| NICHOLAS RAGIN ) | |
| _____ ) | |

**THIS MATTER** is before the Court on numerous pretrial motions of defendant Tracy Howard. Nicholas Ragin was granted permission to join in motions of co-defendants. (Doc. No. 194). For the reasons stated below, the following motions are DENIED:

1. Motion for Disclosure of Impeaching Information (Doc. No. 159); Motion for Disclosure of Grand Jury Proceedings and Transcripts (Doc. No. 168)

The government is not required to produce Giglio or Jencks Act material until after a witness has testified. United States v. Jackson, No. 91-5815, 1992 WL 42947, at *1-2 (4th Cir. Mar. 9, 1992). Therefore, the motions requesting pretrial disclosure of such information are DENIED.

2. Motion for Hearing to Determine Existence of Conspiratorial Agreement (Doc. No. 160)

A pretrial hearing to determine the existence of a conspiracy is not required in the Fourth Circuit because a trial court has the discretion to admit co-conspirators' statements subject to subsequent proof of the conspiracy. United States v. Hines, 717 F.2d 1481, 1488 (4th Cir. 1983). Therefore, the motion based on James v. United States, 590 F.2d 575 (5th Cir. 1979), is DENIED.

3. Motion to Participate in Voir Dire of Jurors (Doc. No. 161); Amended Motion to Participate in Voir Dire of Jurors (Doc. No. 164)

The conduct of voir dire necessarily is committed to the sound discretion of the trial court, Ristaino v. Ross, 424 U.S. 589, 594-95, 96 S. Ct. 1017, 1020, 47 L .Ed. 2d 258 (1976), and it is well-settled that a court may prohibit counsel from directly questioning potential jurors. United States v. Bakker, 925 F.2d 728, 734 (4th Cir. 1991). Counsel will have the opportunity to participate in voir dire through the submission of written questions before and during jury selection. Therefore, the motions are DENIED.

4. Motion to Interview Witnesses Under Government Control (Doc. No. 167)

This Court's standard discovery order requires the government to make witnesses "who are in protective custody, or otherwise under government control" available to defense counsel for interview. (Doc. No. 15 at ¶ 10). The motion fails to identify any witness alleged to be "under the control of the government" to whom he has been denied access; therefore, it is DENIED.

5. Motion for List of Government Witnesses (Doc. No. 182)

A criminal defendant is not entitled to a list of the government's witnesses. United States v. Fletcher, 74 F.3d 49, 54 (4th Cir. 1996). The Court declines to exercise its discretion to compel such production in this case; therefore, the motion is DENIED.

The Clerk is directed to certify copies of this order to all defendants in this case, counsel for the defendants, and to the United States Attorney

Signed: March 27, 2006

Robert J. Conrad, Jr.
United States District Judge